No. 18,174.

THE STATE OF KANSAS, ex rel. Joseph Taggart, as County Attorney, etc., *Appellee*, v. THE MASONS AND ODD FELLOWS JOINT STOCK ASSOCIATION et al., *Appellants*.

#### HEADNOTE BY THE REPORTER.

1. QUO WARRANTO — *Dissolution of Corporation — Statute — Pleadings.* Under sections 680 and 681 of the civil code an action may be maintained by the state of Kansas on the relation of the county attorney to dissolve a private corporation.

2. ———— *Same.* The petition by the state for the dissolution of a corporation known as The Masons and Odd Fellows Joint Stock Association states a cause of action.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 6, 1913. Affirmed.

*James F. Getty,* of Kansas City, for the appellants.

*John S. Dawson,* attorney-general, `S. N. Hawkes,` assistant attorney-general, *James M. Meek,* county attorney, and *Joseph Taggart,* of Kansas City, for the appellee; *J. F. Bradley,* of Kansas City, of counsel.

*Per Curiam:* In the petition it is alleged, among other things, that on August 4, 1890, a charter of incorporation was granted by the state of Kansas to the appellant, the Masons and Odd Fellows Joint Stock Association, under which it exercised powers in the state; that the defendant corporation has perverted and abused its corporate powers in certain particulars, which are specifically set forth. Among the recitals it. is alleged that the corporation permitted its president and treasurer to usurp the rights, privileges and duties of the corporation, to mismanage its affairs, and to appropriate its money to their use and to the detriment of its minority stockholders. Also, that on August 4, 1910, the charter of the corporation having then ex-

pired, defendants Jennings and Berry, who had been respectively president and treasurer of the corporation, made a false and untrue certificate for the purpose of procuring an extension of such charter and did procure such extension without any notice to the stockholders of any meeting of the stockholders for such purpose, and that no such meeting was held at which the owners of two-thirds of the capital stock were present and signified their desire and intent to extend the charter; that by such false and fraudulent conduct the extension of such charter was procured.

To the petition a general demurrer was filed and overruled. The defendants appeal on three grounds. First, that the plaintiff has no legal capacity to sue; second, that the county attorney of Wyandotte county has no authority to institute or maintain the action; third, that the petition does not state facts sufficient to constitute a cause of action.

The appellee contends that the action was brought under sections 680 and 681 of the civil code, relating to offices and franchises. The action seems to be fully authorized thereby to be brought by the county attorney in the name of the state, and, under the provisions of the article, the petition states facts sufficient to constitute a cause of action.

The order overruling the demurrer is affirmed.